_____

No. 95-3533
_____


Teamsters National Freight          *
Industry Negotiating Committee,     *
on behalf of Teamster Local         *
Union Nos. 116, 120, 123, 346,      *
and 544, and on behalf of all       *
Teamster represented employees      *
of Midwest Motor Express, Inc.,     *
                                         *
          Plaintiff-Appellee,       *    Order Remanding For
                                    *    Statement of Reasons
     v.                             *    Supporting Denial of
                                    *    Rule 11 Sanctions.
MME, Inc.; Midwest Motor Express,*
Inc.; Midnite Express, Inc.; John*
T. Roswick; Richard N. Roswick;     *
W. J. Greenstein; Raymond J.        *
Patton; James F. Greenstein;        *
Lambert L. Glatt; Jodi L. Kary;     *
Daniel Zeller; E. J. Roswick;       *
Nels Roswick; John H. Roswick;      *
Marlin Kling,                       *
                                         *
          Defendants-Appellants. *


_____

          Submitted:  October 22, 1996

             Filed:  November 8, 1996
_____

Before FAGG, HEANEY, and HANSEN, Circuit Judges.
_____

PER CURIAM.

     Midwest Motor Express and the other defendants appeal the district
court's refusal to grant their motion for Rule 11 sanctions against the
plaintiff.  In this case, the plaintiff alleged claims of RICO violations,
fraud, and embezzlement against the defendants.  The district court granted
the defendants' motion to dismiss the complaint for lack of a factual basis
to support the

allegations made, and for a failure to allege the essential elements of a RICO case based on mail and wire fraud in violation of Fed. R. Civ. P. 9(b). The district court, however, denied the defendants' motion for Rule 11 sanctions without stating fully its reasons for the denial. The plaintiff has not appealed from the dismissal.

Rule 11 of the Federal Rules of Civil Procedure dictates that the imposition of sanctions upon a determination that Rule 11 has been violated is discretionary with the district court. We review all aspects of a district court's Rule 11 determination for an abuse of discretion. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990). We cannot meaningfully review the district court's exercise of discretion, however, absent the benefit of a full statement of reasons explaining why the district court denied the motion for sanctions.

Accordingly, we retain jurisdiction of this case but remand it to the district court for the limited purpose of requesting the district court to articulate the reasons supporting its exercise of discretion to deny the defendants' motion for Rule 11 sanctions. The district court's statement of reasons shall be certified to this court within 45 days.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.